UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
RASHID ALI J.,

                     Plaintiff,        <u>DECISION AND ORDER</u>
                                               1:25-cv-06615-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
--------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In September of 2021, Plaintiff Rashid Ali J.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by the Law Office of Charles E. Binder and Harry J. Binder, LLP, Charles E. Binder, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 6).

This case was referred to the undersigned on April 21, 2026. Presently pending are the parties' competing requests for judgment on the

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's request is due to be granted, the Commissioner's request is denied, and this case is remanded for further administrative proceedings.

## I.   BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on September 24, 2021, alleging disability beginning February 1, 2021. (T at 115, 130).[2]  Plaintiff's application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on February 22, 2024, before ALJ Kieran McCormack. (T at 39-73). Plaintiff appeared with an attorney and testified. (T at 47-48, 49-64). The ALJ also received testimony from Michele Erbacher, a vocational expert. (T at 48-49, 65-71).

A second hearing was held on July 11, 2024. (T at 74-97).  Plaintiff appeared with an attorney and offered additional testimony. (T at 81-82). Susan Moyes, a vocational expert, testified. (T at 83-96).

### B.    ALJ's Decision

On July 18, 2024, the ALJ issued a decision denying the application for benefits. (T at 7-33).  The ALJ found that Plaintiff last met the insured

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 7.

status requirements of the Social Security Act on March 31, 2022 (the date last insured) and did not engage in substantial gainful activity between February 1, 2021 (the alleged onset date) and the date last insured. (T at 14).

The ALJ concluded that, as of the date last insured, Plaintiff's congenital heart disease (status post-surgery); palpitations; hypertension; diabetes; major depressive disorder; post-traumatic stress disorder; and schizophrenia syndrome were severe impairments as defined under the Act. (T at 14).  However, the ALJ found that, as of the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 15).

At step four of the sequential analysis the ALJ determined that, as of the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: he can only occasionally climb and bend; must avoid concentrated exposure to workplace hazards; and can occasionally interact with supervisors, co-workers, and/or the public. (T at 16-17).

The ALJ concluded that Plaintiff had no past relevant work as of the date last insured. (T at 24).  Considering Plaintiff's age (48 on the date last insured), education (at least high school), work experience (no past relevant work), and RFC, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed as of the date last insured. (T at 24).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between February 1, 2021 (the alleged onset date) and the date last insured. (T at 26).  On June 18, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

### C.    Procedural History

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on August 11, 2025. (Docket No. 1).  On December 23, 2025, Plaintiff filed a brief requesting judgment on the pleadings. (Docket No. 8). The Commissioner interposed a brief in opposition to Plaintiff's request and in support of a competing request for the same relief, on April 17, 2026. (Docket No. 14).  On May 1, 2026, Plaintiff submitted a reply brief in further support of his request. (Docket No. 15).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which

conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff argues that the ALJ's assessment of the medical opinion evidence regarding his mental functioning was flawed, which undermines the RFC determination.

*A.    Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff's application for benefits was filed after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. See 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the

medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. See 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. See 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

Here, the record contains multiple opinions regarding Plaintiff's ability to meet the mental demands of basic work activity.  The Court will summarize those opinions and then address the ALJ's analysis.

Dr. Abiola Longe completed a mental impairment questionnaire in July of 2021.  Dr. Longe diagnosed PTSD and reported that Plaintiff had been treating with her practice weekly since December of 2019. (T at 662). She explained that Plaintiff has "good" days and "bad" days. (T at 664).  Dr. Longe assessed no limitation in Plaintiff's ability to understand and remember simple instructions but marked impairment as to understanding and remembering detailed instructions. (T at 665).

Dr. Longe opined that Plaintiff had marked limitation: maintaining attention and concentration for extended periods; sustaining an ordinary routine without supervision; working in coordination with others; completing a workday without interruptions from psychological symptoms; asking simple questions or requesting assistance; responding appropriately to workplace changes; and making plans independently. (T at 665).  Dr. Longe believed Plaintiff would be absent from work once per month due to his impairments or treatment. (T at 666).

Dr. Longe completed another assessment form in December of 2021. In this form, Dr. Longe opined that Plaintiff was moderately limited with respect to social interaction and appeared to include another limitation, but her handwriting is illegible. (T at 2516). Dr. Longe concluded that Plaintiff had no impairment with respect to other work-related mental functions. (T

10

at 2516).  She reported that Plaintiff could "do activities within [his] skill set," but would need "help to negotiate proper work conditions." (T at 2516).

Dr. Melissa Antiaris performed a consultative psychiatric evaluation in March of 2022.  She diagnosed unspecified schizophrenia spectrum and other psychotic disorder; major depressive disorder (recurrent, moderate); and PTSD. (T at 733).  Dr. Antiaris opined that Plaintiff had no limitation with respect to understanding, remembering, or carrying out directions and instructions; moderate impairment with respect to social interaction; no limitation as to concentration, persistence, or pace; moderate limitation with respect to sustaining an ordinary routine and regular attendance; and marked impairment as to regulating emotions, controlling behavior, and maintaining well-being. (T at 733).

In January of 2024, Dr. Laura Cohen performed an independent psychological evaluation at the request of Plaintiff's counsel. (T at 1609).  She diagnosed PTSD and borderline personality disorder. (T at 1613).  Dr. Cohen opined that Plaintiff had moderate-to-marked limitation with respect to completing a workday without interruptions from psychological symptoms; getting along with coworkers or peers without distracting them; maintaining socially appropriate behavior; and making plans independently.

(T at 1618).  She believed Plaintiff would be absent from work more than three times per month due to his impairments or treatment. (T at 1619).

As noted above, the ALJ concluded that Plaintiff retained the ability to meet the mental demands of basic work activity, provided he was not required to have more than occasional interaction with supervisors, coworkers, or the public. (T at 16-17).  In reaching this conclusion, the ALJ found Dr. Longe's December 2021 opinion persuasive, but deemed her July 2021 assessment unpersuasive. (T at 21-22).  The ALJ considered the opinions of Dr. Antiaris and Dr. Cohen unpersuasive. (T at 23).

For the following reasons, the Court finds that the ALJ's consideration of the medical opinion evidence cannot be sustained. Here's why.

First, the ALJ erred by considering the medical opinions in isolation. Plaintiff's treating mental health provider and two independent examiners assessed moderate to marked impairment in Plaintiff's mental functioning. (T at 665, 733, 1618-19).  The ALJ discounted each of these opinions as inconsistent with his lay reading of the record. (T at 21-23).

In formulating an RFC that found no impairment in Plaintiff's ability to meet the mental demands of basic work activity other than a limitation to occasional social interaction, the ALJ was obliged to consider the consistency of the treating and examining medical opinions *with each*

*other*.  *See Shawn H. v. Comm'r of Soc. Sec*., No. 2:19-CV-113, 2020 WL 3969879, at *7 (D. Vt. July 14, 2020)("Moreover, the ALJ should have considered that the opinions of Stephens and Dr. Lussier are consistent with each other."); *Malia Ann B. v. Comm'r of Soc. Sec*., No. 5:21-CV-1362-AMN-CFH, 2023 WL 2838054, at *7 (N.D.N.Y. Feb. 23, 2023), *report and recommendation adopted*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2623865 (N.D.N.Y. Mar. 24, 2023)(collecting cases holding that "the ALJ is obligated to discuss the consistency of a medical opinion with the other evidence in the record, which necessarily includes other medical opinions").

Second, the ALJ placed undue weight on his interpretation of Dr. Longe's December 2021 opinion.  Dr. Longe's handwriting is illegible in several important sections of the form (T at 2156) and, as the ALJ recognized, the form is vague and does not define its terms. (T at 22).

The ALJ erred by relying on his reading of the December 2021 report to discount the other opinion evidence and formulate the RFC without recontacting Dr. Longe to translate the illegible portions of the form, define the vague terms, and/or explain the assessment's apparent inconsistency with the other opinion evidence of record, including Dr. Longe's own earlier opinion. *See Carrasquillo v. Comm'r of Soc. Sec*., No. 23-CV-02323 (NRM), 2025 WL 3251043, at *12 (E.D.N.Y. Nov. 21, 2025)(duty to develop

the record includes "an affirmative duty to recontact a medical expert if an

ALJ makes an initial determination that a medical expert's opinions are

vague or appear to be inconsistent with their examination notes"); *see*

*generally Gabrielsen v. Colvin,* No. 12-CV-5694 KMK PED, 2015 WL

4597548, at *4-5 (S.D.N.Y. July 30, 2015)(collecting cases recognizing that

"an ALJ has a heightened duty to develop the record when a claimant

asserts a mental impairment").

Third, the ALJ overrated the relevance of Plaintiff's ability to maintain

appropriate attendance and affect during periodic encounters with

supportive mental health professionals.

The Commissioner's regulations recognize that a claimant's "ability to

complete tasks in settings that are highly structured, or that are less

demanding or more supportive than typical work settings does not

necessarily demonstrate [her] ability to complete tasks in the context of

regular employment during a normal workday or work week." 20 C.F.R.

Subpt. P, App. 1 § 12.00 (C) (6) (b); *see also Primo v. Berryhill*, No. 17 CIV.

6875 (LTS) (HBP), 2019 WL 2453343, at *13 (S.D.N.Y. Feb. 19, 2019)*,*

*report and recommendation adopted sub nom. Primo v. Comm'r of Soc.*

*Sec.,* No. 17 CV 6875-LTS-SLC, 2021 WL 1172248 (S.D.N.Y. Mar. 29,

2021)(noting that ALJs must recognize that "the effects of a mental health

issue may be different in a work setting than in a non-work setting"); *Flynn v. Comm'r of Soc. Sec. Admin.*, 729 Fed. Appx. 119, 121 (2d Cir. 2018) (decision to discount opinion based on treatment notes indicating claimant was "well-groomed and with calm affect" was "an assessment ... beyond the scope of the ALJ's authority").

Moreover, while the treatment notes document Plaintiff as presenting with a cooperative attitude and appropriate engagement at medical appointments, they likewise describe a person suffering from severe psychiatric symptoms and experiencing variable levels of functioning. (T at 639, 646-647, 744, 748, 752, 759, 777, 781, 794, 807, 1322, 2901-2904, 2971). *See Stacey v. Comm'r of SSA*, 799 F. Appx. 7, 10 (2d Cir. 2020)(cautioning "ALJs against scouring medical notes to draw their own conclusions based on isolated descriptions"); *Gough v. Saul*, 799 F. Appx. 12, 14 (2d Cir. 2020)("We fear that the ALJ cherry-picked evidence from the record to support his conclusion that Gough could work full time even though the record as a whole suggested greater dysfunction."); *Kohler v. Astrue*, 546 F.3d 260, 268 (2d Cir. 2008)(finding that ALJ erred by, *inter alia*, "consistently interpret[ing] reports that [claimant's] condition has been 'stable' to mean that [her] condition has been good, when the term could

15

mean only that her condition has not changed, and she could be stable at a low functional level").

Lastly, the ALJ placed undue emphasis on Plaintiff's ability to engage in a rather limited range of activities of daily living. (T at 20).

A claimant "need not be an invalid to be found disabled" and should not be punished for exerting the effort to attend to basic necessities of life. *See Balsamo v. Chater*, 142 F.3d 75, 81-82 (2d Cir. 1998).

As discussed above, the treatment record documents significant symptoms persisting over time.  Plaintiff's ability to attend to basic activities in a relatively solitary environment does not translate into the ability to perform competitive work on a consistent basis. *See Estrella v. Berryhill*, 925 F.3d 90, 97 (2d Cir. 2019); *Samaru v. Comm'r of Soc. Sec.*, No. 18CV06321KAMLB, 2020 WL 3051576, at *10 (E.D.N.Y. June 8, 2020)("The critical differences between activities of daily living and activities in a full time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons …, and is not held to a minimum standard of performance, as she would be by

16

an employer.")(quoting *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)).[3]

### B.    Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

The Court finds a remand required for proper consideration of the evidence regarding Plaintiff's ability to meet the mental demands of basic work activity.

---

[3] Plaintiff also argues that the ALJ erred in discounting his subjective complaints.  The ALJ's consideration of Plaintiff's subjective complaints is undermined by his errors in assessing the medical opinion evidence.  As such, Plaintiff's subjective complaints will need to be revisited on remand.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's request for judgment on the pleadings is GRANTED; the Commissioner's request for judgment on the pleadings is DENIED; and this case is REMANDED for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.


Dated: June 24, 2026                       *s / Gary R. Jones*
                                           GARY R. JONES
                                           United States Magistrate Judge